**REED SMITH LLP**
Donna M. Bates, Esquire
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Tel. (609) 514-5973
Fax (609) 951-0824

*Attorneys for Defendants U.S. Bank, N.A., and Mortgage Electronic Registration Systems, Inc.*

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICHARD POLESE & MARCIA LYNN POLESE,<br><br>    Plaintiffs,<br><br>  vs.<br><br>LASALLE BANK N.A. (as Trustee for the MLMI Trust Series 2007-SDI), BANK OF AMERICA, BAC HOME LOANS SERVICING, L.P., WILSHIRE CREDIT CORP., THE NEW YORK MORTGAGE COMPANY, LLC, U.S. BANK, N.A. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>    Defendants. | Civil Action No.<br><br><br>Civil Action<br><br><br>**NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT** |

To:      Martin Luther King Building
         & U.S. Courthouse
         50 Walnut Street Room 4015
         Newark, NJ 07101

         Bob Kasolas, Esq.
         Brach Eichler L.L.C
         101 Eisenhower Parkway
         Roseland, NJ 07068-1067

         Reed Smith, LLP
         Princeton Forrestal Village
         136 Main Street, Suite 250
         Princeton, NJ 08540

**PLEASE TAKE NOTICE** that pursuant to 28 U.S.C. §§ 1331, 1441(a), (b), (c) and 1446, Defendants U.S. Bank, N.A., ("U.S. Bank") and Mortgage Electronic Registration Systems, Inc., ("MERS") by and through their attorneys, hereby remove this action from the Superior Court of New Jersey, Union County, Chancery Division, to the United States District Court for the District of New Jersey. In support of this Notice of Removal, Defendants state as follows:

1.    Plaintiffs Richard and Marcia Lynn Polese originally commenced this action against U.S. Bank and MERS by filing an Amended Complaint against the Defendant in the Superior Court of New Jersey, Chancery Division, Atlantic County, where it is presently captioned as Richard Polese & Marcia Lynn Polese vs. LaSalle Bank, N.A., et al, Docket Number UNN-C-97-11. Neither Defendant here filed a response.

2.    Pursuant to 28 U.S.C. §1446(a), copies of the Amended Complaints, the only process, pleading, or order received by the Defendants in this action, is attached hereto as **Exhibits A and B** respectively.

3.    The earliest that Defendant MERS received notice of this action via U.S. First Class mail was on June 21, 2012. The earliest that Defendant U.S. Bank received notice of this action via U.S. First Class mail was on June 27, 2012.

4.    Accordingly, this Notice of Removal is timely filed, having been filed within thirty (30) days of the date on which the first Defendant received notice of Plaintiffs' Amended Complaint. See 28 U.S.C. §1446(b).

5.    The Superior Court of New Jersey, Union County is located within the District of New Jersey. Therefore, the venue is proper because the action is being removed to the "district court of the United States for the district and division embracing the place where such action is pending." See 28 U.S.C. § 1441(a).

6.      Defendant U.S. Bank is a national banking association.  The Supreme Court held in Wachovia Bank v. Schmidt, 546 U.S. 303 (2006), that for the purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332, national banking associations such as U.S. Bank, N.A., are deemed citizens of states "in which they are respectively located" and a national banking association is "located" in the state in which its main office, as set forth in its articles of association, is located.  U.S. Bank's main office is currently, and was at the time the Amened Complaint was filed, located in Minnesota.  U.S. Bank is, therefore, a citizen of Minnesota for purposes of 28 U.S.C. § 1332(a)(1) and (c)(1).

7.      Defendant MERS is a Delaware corporation having its principle place of business located in 1818 Liberty Street, Suite 300, Reston, VA,

8.      Defendant LaSalle Bank, N.A., ("La Salle Bank") merged with Bank of America, N.A., ("BANA").  BANA is a national banking association.  The Supreme Court held in Wachovia Bank v. Schmidt, 546 U.S. 303 (2006), that for the purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332, national banking associations such as BANA are deemed citizens of states "in which they are respectively located" and a national banking association is "located" in the state in which its main office, as set forth in its articles of association, is located.  BANA's main office is currently, and was at the time the Amened Complaint was filed, located in North Carolina.  BANA is, therefore, a citizen of North Carolina for purposes of 28 U.S.C. § 1332(a)(1) and (c)(1).

9.      Defendant Wilshire Credit Corporation ("Wilshire") merged with Bank of America, N.A. BANA is a national banking association.  The Supreme Court held in Wachovia Bank v. Schmidt, 546 U.S. 303 (2006), that for the purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332, national banking associations such as BANA are deemed citizens of states "in which they are respectively located" and a national banking association is "located" in the state

in which its main office, as set forth in its articles of association, is located. BANA's main office is currently, and was at the time the Amened Complaint was filed, located in North Carolina. BANA is, therefore, a citizen of North Carolina for purposes of 28 U.S.C. § 1332(a)(1) and (c)(1).

10.     Defendant BAC Home Loans Servicing, L.P., ("BAC Home Loans") merged with Bank of America, N.A. BANA is a national banking association. The Supreme Court held in Wachovia Bank v. Schmidt, 546 U.S. 303 (2006), that for the purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332, national banking associations such as BANA are deemed citizens of states "in which they are respectively located" and a national banking association is "located" in the state in which its main office, as set forth in its articles of association, is located. BANA's main office is currently, and was at the time the Amended Complaint was filed, located in North Carolina. BANA is, therefore, a citizen of North Carolina for purposes of 28 U.S.C. § 1332(a)(1) and (c)(1).

11.     Defendant Bank of America, N.A., is a national banking association. The Supreme Court held in Wachovia Bank v. Schmidt, 546 U.S. 303 (2006), that for the purposes of diversity jurisdiction pursuant to 28 U.S.C. § 1332, national banking associations such as BANA are deemed citizens of states "in which they are respectively located" and a national banking association is "located" in the state in which its main office, as set forth in its articles of association, is located. BANA's main office is currently, and was at the time the Amened Complaint was filed, located in North Carolina. BANA is, therefore, a citizen of North Carolina for purposes of 28 U.S.C. § 1332(a)(1) and (c)(1).

12.     Under information and belief Defendant New York Mortgage Company, LLC ("New York Mortgage")  is a defunct and dissolved business entity having its former principal place of business located at 1301 Avenue of the Americas, 7th Floor, New York, NY 10019.

They have never appeared in the instant action, captioned <u>Richard Polese & Marcia Lynn Polese</u> <u>vs. LaSalle Bank, N.A., et al</u>, Docket Number UNN-C-97-11, and a default judgment has been entered against them.

13.  Upon information and belief, Plaintiffs are New Jersey residents with a principal place of residence of 631 Golf Terrace, Union, NJ and were the same at the time the Complaint was filed. In addition, the Complaint, attached hereto as **Exhibits A,B** states that Plaintiffs reside at 631 Golf Terrace, Union, NJ. Plaintiffs are, therefore, citizens of New Jersey for the purposes of 28 <u>U.S.C.</u> § 1332(a)(1).

14.  Plaintiffs have demanded judgment in their favor in excess of $75,000.00 which exceeds the $75,000.00 amount in controversy requirement of 28 <u>U.S.C.</u> § 1332(a). Specifically, Plaintiffs have demanded cancellation of a $351,000 mortgage. See **Exhibits A,B**

15.  Additionally, this action is a civil action of which this Court has original jurisdiction under 28 <u>U.S.C.</u> § 1332(a)(1) due to the complete diversity of the parties that existed at the time the Complaint was filed and continues to exist to date, and an amount in controversy is above the $75,000.00 threshold, this action is properly removable to this Court by Defendants U.S. Bank and MERS pursuant to 28 <u>U.S.C.</u> § 1441(a).

16.  This Court has diversity jurisdiction over Plaintiffs' claim pursuant to 28 <u>U.S.C.</u>

§1331(a)(1) and §1441(b) in that "none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought."

17.  Additionally this is a civil action of which this Court has original jurisdiction under 28 <u>U.S.C.</u> §1331, and is one that may be removed to this Court by Defendants U.S. Bank and MERS pursuant to 28 U.S.C. §1441, because Plaintiffs' allege claims under the Fair Debt Collection Practices Act 15 <u>U.S.C.</u> §1692 et seq., and the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq. which are both federal statues.

18.     Thus, this Court has federal question jurisdiction over the Plaintiffs' claims pursuant to 28 U.S.C. §1331 and §1441(b) in that the claims are "founded on a claim or right arising under … the laws of the United States [.]."

19.     This Court has supplemental jurisdiction over Plaintiffs' joined state law claims pursuant to 28 U.S.C. §§ 1367 and 1441(c).

20.     Pursuant to 28 U.S.C. §1446(d), written notice of this Notice of Removal of this action is being immediately filed with the Superior Court of New Jersey, Union County, Chancery Division.  A copy of same, without exhibits, is attached hereto as **Exhibit C**.

21.     Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal of this action is being served upon the Plaintiffs and all parties who have appeared in the action.

**WHEREFORE**, Defendants U.S. Bank and MERS each give notice that this action is removed from the Superior Court of New Jersey, Union County, Chancery Division, to the United States District Court for the District of New Jersey.  All Defendants have consented to this removal.

Dated: July 20, 2012

//s// Donna M. Bates, Esq.
Donna M. Bates, Esq.

# EXHIBIT A

# BRACH | EICHLER LLC

RECEIVED
JUN 27 2012

Bobby Kasolas
Direct Dial: 973-403-3139
Direct Fax: 973-618-5539
E-mail: bkasolas@bracheichler.com

June 18, 2012

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**
**AND FIRST CLASS MAIL**

U.S. Bank, N.A.
Legal Department
425 Walnut Street
Cincinnati, OH 45202-3923

> Re:   **Polese v. LaSalle Bank, N.A., et al.**
>        **Docket No. UNN-C-97-11**
>        **Service of Summons and Amended Complaint**

Dear Sir/Madam:

Please be advised that this office represents Plaintiffs Richard and Marcia Lynn Polese with respect to the above-captioned matter. Enclosed herein please find a Summons and Amended Complaint which are to be responded to within the time prescribed by the New Jersey Rules of Court.

Please be guided accordingly.

Very truly yours,

Bobby Kasolas

Enclosures

cc:   Richard and Marcia Lynn Polese

**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
Attorneys for Plaintiffs
Richard Polese & Marcia Lynn Polese

| | |
|---|---|
| **RICHARD POLESE & MARCIA LYNN POLESE,** | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: UNION COUNTY |
| Plaintiff, | DOCKET NO. UNN-C-97-11 |
| vs. | Civil Action |
| **LASALLE BANK N.A. (as Trustee for the MLMI Trust Series 2007-SDI), BANK OF AMERICA, BAC HOME LOAN SERVICING, L.P., WILSHIRE CREDIT CORP., and THE NEW YORK MORTGAGE COMPANY, LLC, U.S. BANK, N.A. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** | **SUMMONS** |
| Defendant. | |

**The State of New Jersey, to the Above Named Defendants:**

**U.S. BANK, N.A.**

The plaintiff named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you

BE:1375181.1/POL271-262187

must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: June 18, 2012

/s/ Jennifer M. Perez
Jennifer M. Perez

Name of Defendant to be served:    **U.S. BANK, N.A.**

Address for Service:    U.S. Bank, N.A.
425 Walnut Street
Cincinnati, OH 45202-3923

ATLANTIC COUNTY
Atlantic County Clerk's
Office
1201 Bacharach Boulevard
1st Floor
Atlantic City, NJ 08401

BERGEN COUNTY
Bergen County Clerk's Office
119 Justice Center
10 Main Street
Hackensack, NJ 07601-0769

BURLINGTON COUNTY
Burlington County Clerk's
Office
Attention: Intake
1st Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

CAMDEN COUNTY
Camden County Clerk's Office
1st Floor, Hall of Justice
101 S. 5th Street
Camden, NJ 08103

CAPE MAY COUNTY
Cape May County Clerk's
Office
Courthouse
9 North Main Street
Cape May Court House, NJ 08210

CUMBERLAND COUNTY
Cumberland County Clerk's
Office
Court House
Broad and Fayette Streets
Bridgeton, NJ 08302

ESSEX COUNTY
Superior Court of New Jersey
Civil Case Processing
Hall of Records Room 237
Dr. Martin Luther King, Jr.
Blvd.
Newark, NJ 07102-1681

GLOUCESTER COUNTY
Gloucester County Clerk's Office
Attention: Intake
1st Floor, Courthouse
1 N. Broad Street
P. O. Box 129
Woodbury, NJ 08096

HUDSON COUNTY
Hudson County Clerk's
Office
Superior Court Civil
Records Dept.
Brennan Court House
583 Newark Avenue
Jersey City, NJ 07306

HUNTERDON COUNTY
Hunterdon County Clerk's Office
Hall of Records, 71
Main Street
Flemington, NJ 08822

MERCER COUNTY
Mercer County Clerk's
Office
209 S. Broad Street, P. O. Box 8068
Trenton, NJ 08650

MIDDLESEX COUNTY
Middlesex County
Clerk's Office
Attention: Law Division
Court House, East
Wing, Lobby Floor
1 Kennedy Square
P. O. Box 2633
New Brunswick, NJ
08903-2633

MONMOUTH COUNTY
Monmouth County
Clerk's Office
Attention: Law Division
Court House, West Wing
Court and Monument
Streets
Freehold, NJ 07728

MORRIS COUNTY
Superior Court,
Judicial Records
Management
Morris County Courthouse
Washington & Court
Streets
Morristown, NJ 07963

OCEAN COUNTY
Ocean County Clerk's Office
119 Court House
118 Washington Street
Toms River, NJ 08754

PASSAIC COUNTY
Passaic County Clerk's Office
Court House
77 Hamilton Street
Paterson, NJ 07505

SALEM COUNTY
Salem County Clerk's Office
92 Market Street
Salem, NJ 08079

SOMERSET COUNTY
Somerset County Clerk's Office
Attention: Civil Intake
Civil/General Equity
New Court House,3rd Floor
Bridge and Main Streets
Somerville, NJ 08876

SUSSEX COUNTY
Attention: Law Division
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

UNION COUNTY
Union County Clerk's Office
Court House, 3rd Floor
2 Broad Street
Elizabeth, NJ 07207

WARREN COUNTY
Warren County Clerk's Office
Court House, 413 Second Street
Belvidere, NJ 07823

**FILED**

JUN 1 4 2012

JOHN F. MALONE
J.S.C.

**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
Attorneys for Plaintiffs Richard Polese & Marcia Lynn Polese

| | |
|---|---|
| **RICHARD POLESE & MARCIA LYNN POLESE**<br><br>Plaintiffs,<br><br>vs.<br><br>**LASALLE BANK N.A. (as Trustee for the MLMI Trust Series 2007-SDI, BANK OF AMERICA, BAC HOME LOAN SERVICING, L.P., WILSHIRE CREDIT CORP., THE NEW YORK MORTGAGE COMPANY, LLC, U.S. BANK, N.A. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**<br><br>Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION: UNION COUNTY<br><br>DOCKET NO.: UNN-C-97-11<br><br>Civil Action<br><br>**AMENDED COMPLAINT** |

Plaintiffs Richard Polese and Marcia Lynn Polese ("Plaintiffs") hereby allege as follows by way of Complaint against Defendants:

## THE PARTIES

1. Plaintiffs Richard Polese and Marcia Lynn Polese are the owners in fee simple of the residential property located at 631 Golf Terrace, Union, New Jersey ("the Home").

BE:1372906.1/POL271-262187

2.     Defendant LaSalle Bank, N.A., as the alleged Trustee for the MLMI Trust Series 2007-SDI ("LaSalle Bank") is a national bank having its former principal place of business located at 135 South LaSalle Street, Chicago, Illinois.  LaSalle Bank is currently owned by Bank of America following Bank of America's October 2007 purchase of LaSalle Bank.

3.     Bank of America is a national bank having a New Jersey business office located at 156 Eagle Rock Avenue, Roseland, New Jersey.  Bank of America is the alleged current loan servicing agent for the mortgage loan in controversy, and the alleged form owner/trustee of the MLMI Trust Series 2007-SPI.

4.     Defendant BAC Home Loans Servicing, L.P. ("BAC Home Loans") is a wholly owned subsidiary of Bank of America, with a business address located at 156 Eagle Rock Avenue, Roseland, New Jersey.  BAC Home Loans is the former alleged servicing agent for LaSalle Bank and/or Bank of America regarding the mortgage loan in controversy.

5.     Defendant Wilshire Credit Corp. ("Wilshire") is the former alleged loan servicing agent for LaSalle Bank for the mortgage loan in controversy, with its principal place of business located at 14523 S.W. Millikan Way, Beaverton, Oregon.

6.     The New York Mortgage Company, LLC ("New York Mortgage") is a defunct and dissolved business entity having its former principal place of business located at 1301 Avenue of the Americas, 7th Floor, New York, NY 10019.

7.     Upon information and belief, defendant U.S. Bank, N.A. ("U.S. Bank") is a Delaware corporation having its principal place of business located at 800 Nicollet Mall Minneapolis, MN 55402.

8. Upon information and belief, defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation having its principal place of business located at 1818 Library Street, Suite 300, Reston, VA 20190.

### THE FACTS

9. Plaintiffs are the fee simple owners of the Home as tenants by the entirety.

10. On July 7, 2006, Plaintiffs entered into a Loan Agreement with The New York Mortgage Company, LLC ("New York Mortgage") to refinance their Home in the amount of $351,000 (the "Loan").

11. Pursuant to the Loan, Plaintiffs executed a Promissory Note ("the Note") in the principal amount of $351,000.00.

12. In order to provide a security interest for the Note, Plaintiffs also executed a mortgage (the "Mortgage") dated July 7, 2006 in favor of New York Mortgage in the amount of $351,000 to be secured against Plaintiffs' Home.

13. The Mortgage was recorded in the Union County Clerk's office on August 14, 2006.

14. For unexplained reasons, and without Plaintiffs' permission or authorization, the Mortgage was "re-recorded" on April 10, 2007 with the written proviso "Mortgage recorded on 8/14/2006 #413427 is being submitted for recordation for the purposes of attaching the correct ARM Rider."

15. Subsequently at some point in time in or around 2007, New York Mortgage may have considered assignment Plaintiffs' Loan, but such an assignment was never legally accomplished or effectuated by New York Mortgage.

16.     Rather, New York Mortgage ceased operating as a business entity and dissolved itself as an on-going business concern. Its office and administrative operations were sold to various third-parties.

17.     The Loan, Note and Mortgage were never assigned by New York Mortgage to any third-party owner or holder in due course before New York Mortgage ceased operation and existence as an on-going business concern and entity.

18.     During its ownership of the Loan, Note and Mortgage, New York Mortgage ceased to exist.

19.     Subsequently, LaSalle Bank, in an alleged capacity of Trustee for a series of mortgage backed securities owned by Merrill Lynch called the MLMI Trust Series 2007-SD-1, falsely claimed Plaintiffs' Loan had been securitized and/or pooled with other similar mortgages as part of the MLMI Trust Series 2007-SD-1 mortgage backed securities.

20.     Under that false premise and pretext, LaSalle Bank commenced an action to foreclose the Mortgage in the Superior Court of New Jersey, Chancery Division, Union County captioned LaSalle Bank v. Polese, Docket # F-17354-08 (the "Foreclosure Action").

21.     Despite LaSalle Bank's false allegations to the contrary in the Foreclosure Action, there was never an assignment of Mortgage from New York Mortgage or a successor entity to LaSalle Bank. No assignment from New York Mortgage to any third-party was ever made.

22.     There is no evidence to establish LaSalle Bank is, or ever was, the trustee, owner and/or holder in due course of the Note and Mortgage, either before, during or after LaSalle Bank's commencement of the Foreclosure Action.

23.     Nevertheless, LaSalle Bank, on its own and through its servicing agents, BAC Home Loans and/or Wilshire, declared the Loan in default, and instituted the Foreclosure Action

alleging without any factual basis or investigation to demonstrate that LaSalle Bank was the holder in due course of the Note and/or owner of the Mortgage, or that LaSalle Bank was the alleged trustee for the Loan.

24.     No assignment of the Note or the Mortgage has ever been made by New York Mortgage to LaSalle Bank, Bank of America, U.S. Bank of any other third-party at any point in time.

25.     LaSalle Bank, Bank of America and/or U.S. Bank have never been the owner or the holder in due course of the Note or the Mortgage.

26.     LaSalle Bank does not own the Note or the Mortgage.

27.     Bank of America does not own the Note or the Mortgage.

28.     LaSalle Bank and Bank of America are not in possession of the original Note or the original Mortgage.

29.     U.S. Bank does not own the Note or the Mortgage.

30.     MERS is not the nominee for the Mortgage, and is not the owner of the Note or Mortgage.

31.     Despite LaSalle Bank and Bank of America not owning the Note or Mortgage, LaSalle Bank filed the Foreclosure Action with malice and without any legal basis, probable cause or reasonable belief of success.

32.     In the Foreclosure Action, LaSalle Bank and Bank of America made knowingly false statements that: (i) LaSalle was the owner of the Note and Mortgage; (ii) LaSalle had acquired ownership and/or trusteeship of the Note and Mortgage by way of a purported "assignment of mortgage from the New York Mortgage Company, LLC to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2007-SD-1"; (iii) the original assignment instrument had

been lost and that a Lost Assignment Affidavit was prepared on October 16, 2008, though unrecorded; (iv) the Note was in default; (v) LaSalle had the right to accelerate all amounts due, including interest as a result of the alleged default; (vi) other charges such as attorneys' fees were immediately due and payable; and (vii) that representatives of BAC Home Loans, Wilshire, LaSalle Bank and/or Bank of America had personal knowledge of the facts concerning the Note and Mortgage and its purported assignment to LaSalle Bank.

33.     During the Foreclosure Action, it was clearly revealed that Bank of America and LaSalle Bank had made knowingly false statement in an effort to foreclose on Plaintiffs' Home and the Mortgage without any legal right or justification, and without probable cause.

34.     Specifically, LaSalle Bank and Bank of America submitted two different alleged promissory notes purporting to be a copy of the original Note while alleging Wilshire and/or BAC Home Loans possessed personal knowledge concerning those alleged promissory notes and/or their assignment, when no such personal knowledge was possessed by Wilshire and BAC Home Loans. By way of example, LaSalle Bank and Bank of America submitted two separate notes containing: (i) different formats and paginations; (ii) different language in Paragraph 3(a) of each note document; (iii) different language at the bottom of each note concerning the type of LIBOR notes the documents purportedly were; (iv) differing interest-only periods in Paragraph 4(c)(I) of each document; (v) different late charges provisions in Paragraph 7A of each document; (vi) the alleged signature of Richard Polese on Page 5 is different on each note; and (vii) the endorsement stamps on the bottom of Page 5 were different on each promissory note.

35.     During the Foreclosure Action, LaSalle Bank also changed its legal position from initially claiming that the Note and Mortgage were assigned by way of an assignment instrument from New York Mortgage to LaSalle Bank, to claiming the Loan was transferred pursuant to

Pooling and Servicing Agreement ("PSA") between LaSalle Bank and Merrill Lynch Mortgage Investors, Inc. The PSA though relied upon by LaSalle Bank and Bank of America was never executed by anyone.

36.     Based upon the foregoing, LaSalle Bank, Bank of America, Wilshire and BAC Home Loans intentionally perjured themselves in an effort to foreclosure on the Mortgage and Home.

37.     The second note submitted into the record by LaSalle Bank in opposition to Plaintiffs' summary judgment motion was more consistent with the terms of the ARM Rider recorded on April 10, 2007 without Plaintiffs' knowledge, permission and/or consent, demonstrating defendants initially filed knowingly false statements to the Court previously in support of their summary judgment motions.

38.     At no time before, during or after the Foreclosure Action has LaSalle Bank or Bank of America ever owned the Note or the Mortgage, nor have they ever been a holder in due course of the Note or the Mortgage. Neither were ever a "trustee" for the subject Loan either. LaSalle and Bank of America were fully aware of this at the time they prosecuted and pursued the Foreclosure Action.

39.     LaSalle Bank and Bank of America do not have any competent, trustworthy and/or reliable proof of any kind to evidence that LaSalle Bank or Bank of America are the owner, holder in due course of the Note or Mortgage and/or trustee. To the contrary, the document they claimed constituted the purported assignment instrument and presented into evidence during the Foreclosure Action did not name LaSalle Bank as an assignee (or any assignee for that matter), and was also never recorded. U.S. Bank also has no such competent,

trustworthy and/or reliable proof to evidence U.S. Bank owns the subject loan and/or is trustee for Plaintiffs' Loan.

40.    Plaintiffs filed an Answer and Counterclaim to the Complaint challenging LaSalle Bank's standing to pursue the Foreclosure Action on the basis that LaSalle bank did not own, and never owned, the Note and Mortgage.  During the Foreclosure Action, LaSalle also filed an unsuccessful summary judgment motion that lacked probable cause and was a malicious effort to foreclose on plaintiff's Home.

41.    After Plaintiffs filed their own summary judgment motion challenging LaSalle Bank's standing to bring the Foreclosure Action, the action was dismissed without prejudice on April 6, 2011 by Order of the Hon. John F. Malone, P.J.Ch., on grounds LaSalle Bank could not establish standing to maintain the action, since it was unable to establish it was the owners and/or assignee of the Note and Mortgage.

42.    During the pendency of this litigation encompassed within this Amended Complaint, Bank of America purported to assign the trusteeship of plaintiffs' loan to U.S. Bank.

43.    On or about October 19, 2011, Bank of America removed and discharged a lis pendens it had filed against the Property relating to LaSalle's failed Foreclosure Action.

44.    On the very next day, October 20, 2011, Bank of America purportedly had MERS, as alleged nominee for the subject Mortgage, attempt to assign the Mortgage to U.S. Bank by way of a recorded Assignment recorded on October 20, 2012.

45.    MERS has never been a nominee for the Mortgage and/or is not the legal nominee for the Mortgage, and therefore has never had the legal right to assign the Mortgage to anyone.

46.     The assignment by MERS and Bank of America to U.S. Bank is fraudulent, void and of no legal force and effect because LaSalle Bank and Bank of America have never owned Plaintiffs' loan, and because MERS was never the nominee for the Mortgage.

## COUNT I

### (Quiet Title as to all Defendants)

47.     Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

48.     LaSalle Bank has no legal right, title and/or interest of any kind in the Mortgage.

49.     Bank of America has no legal right, title and/or interest of any kind in the Mortgage.

50.     The New York Mortgage Company, LLC has no legal right, title and/or interest of any kind in the Mortgage recorded against Plaintiffs' Home.  New York Mortgage is now a defunct company that is dissolved, that is out of business and no longer exists.

51.     U.S. Bank has no legal right, title and/or interest of any kind in the Mortgage.

52.     MERS has no legal right, title and/or interest of any kind in the Mortgage, and had no legal right to attempt to effectuate an assignment of the Mortgage from Bank of America to U.S. Bank as trustee/owner.  MERS is also not a nominee for the Mortgage.

53.     New York Mortgage never validly assigned the Note or the Mortgage to LaSalle Bank, and will never do so, nor will New York Mortgage ever be able to assign the Note and Mortgage to the other Defendants in this action since it no longer exists as an on-going concern.

54.     Based upon the fact LaSalle Bank and Bank of America do not own the Mortgage or Note, and based upon the fact New York Mortgage no longer exists and never assigned the Note and Mortgage to LaSalle Bank before dissolving as an existing entity, Plaintiffs request this Court quiet title as to Plaintiffs' Home and enter judgment in Plaintiffs' favor declaring: (i)

LaSalle Bank, Bank of America, MERS and U.S. Bank have no legal right or interest in the Note or Mortgage; (ii) that these Defendants do not own the Note or Mortgage, are not trustees for the Note and Mortgage, and are not holders in due course of those instruments; (iii) that the Note and Mortgage are hereby void and of no further force and effect as a matter of law; (iv) discharging the Mortgage of record from the Home's title; and (iv) declaring title to Plaintiffs' Home is free and clear of any and all liens, encumbrances or mortgages of any kind relating to the Loan.

55. Additionally, Bank of America, MERS and U.S. Bank intentionally engaged in a knowingly fraudulent transaction whereby Bank of America, through the assistance and cooperation of MERS, attempted to fraudulently, and purportedly assign the subject Mortgage from Bank of America to U.S. Bank as trustee.

56. Bank of America, MERS and U.S. Bank engaged in this fraudulent transaction despite the fact that they were fully aware that Bank of America does not own plaintiffs' loan, is not the trustee for plaintiff's loan, has no right to assign the loan, that MERS was not the nominee for the Mortgage and never has been, and that none of these parties had the legal right to record an Assignment of Mortgage against the Home.

57. Additionally, some and/or all of the Defendants, and specifically LaSalle Bank and/or Bank of America, fabricated and forged a "second" Note in an effort to fraudulent and falsely attempt to establish that LaSalle Bank/Bank of America was in possession of the original Note for plaintiffs' loan. This was revealed during the Foreclosure Action, where LaSalle Bank submitted two different Notes to the Court during summary judgment motions.

58. As a result, Plaintiffs have been and will continue to be damaged, and request that the Court quiet title as to all Defendants in favor of Plaintiffs.

## COUNT II

### (Declaratory Judgment Clearing Title & Discharging Original Mortgage as to all Defendants)

59.     Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

60.     Based upon the foregoing facts, Plaintiffs seek a declaratory judgment that (i) LaSalle Bank, Bank of America and/or U.S. Bank have no legal right or interest in the Note or Mortgage; (ii) do not own and/or are not the Trustee for the Note or Mortgage and are not holders in due course of the Promissory Note; (iii) that the Note and Mortgage are hereby void and of no further force and effect as a matter of law; (iv) that MERS has no interest in the Mortgage and is not a nominee for the Mortgage; (v) that the Mortgage of record must therefore be discharged from title to Plaintiffs' Home; and (vi) declaring Plaintiffs' Home is free and clear of all liens, encumbrances or mortgages or any kind relating to the Loan.

## COUNT III

### (Violation of the Fair Foreclosure Act N.J.S.A. 2A:50-53 et. seq.)

61.     Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

62.     LaSalle Bank and Bank of America are residential mortgage lenders under the New Jersey Fair Foreclosure Act.

63.     LaSalle Bank and Bank of America made numerous and repeated knowingly false misrepresentations and material omissions during the Foreclosure Action, as well as before, during and after the Foreclosure Action regarding their false claim that they owned the Note and Mortgage.

64. LaSalle Bank and Bank of America submitting knowingly false statements and conflicting documents to the Court during the Foreclosure Action to mislead and confuse the Court into possibly believing LaSalle Bank and/or Bank of America owned the Loan, Note and Mortgage when they were fully aware they did not.

65. LaSalle Bank and Bank of America filed the Foreclosure Action without probable cause or legal standing.

66. As a result, Plaintiffs have been and will continue to be damaged.

## COUNT IV

### (Violation of the Consumer Fraud Act)

67. Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

68. Plaintiffs are consumers under the New Jersey Consumer Fraud Act.

69. LaSalle Bank and Bank of America violated the New Jersey Consumer Fraud Act to the detriment and harm of Plaintiffs by making affirmative misrepresentations and omissions to Plaintiffs and the Court, and by violating New Jersey regulations, by: (i) holding themselves out as the alleged owner and holder in due course of the Note and Mortgage; (ii) attempting through litigation, written notices, threatening correspondence and other practices to collect money from Plaintiffs on a loan that LaSalle and Bank of America do not own, and have never owned; (iii) making negative reports to Plaintiffs' credit scores and credit ratings without any legal right or justification in an effort to advance their bogus effort to foreclosure on the Mortgage; and (iv) maintaining a Lis Pendens against title to Plaintiffs' Home without any legal right or justification.

70. As a result, Plaintiffs have been and will continue to be damaged.

## COUNT V

### (Violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq.)

71.    Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

72.    The Fair Credit Reporting Act ("FCRA") imposes obligations on the furnishers of credit information to provide correct and accurate information to credit rating agencies.

73.    The FCRA also imposes an obligation upon the furnisher of negative reporting comments to conduct a proper and reasonable investigation when the furnisher receives a dispute of the negative report directly from a credit rating agency.

74.    BAC Home Loans, Wilshire, LaSalle Bank and/or Bank of America made knowingly false negative reports to various credit rating agencies (Equifax, Experian and Trans Union) alleging Plaintiffs were in default on their Loan, which defendants did not even own or properly service.

75.    BAC Home Loans, Wilshire, LaSalle Bank and/or Bank of America knew and/or should have known that the false information and negative reports they made to Plaintiffs' credit should not have been made since LaSalle Bank and Bank of America do not own, and have never owned, the Note or Mortgage.

76.    Plaintiffs directly disputed the negative reports that defendants made to Plaintiffs' credit to various credit rating agencies (Equifax, Experian and Trans Union), as well as directly to Wilshire and BAC Home Loans, through Plaintiffs' counsel.

77.    These credit rating agencies in turn notified Wilshire, BAC Home Loans, LaSalle Bank and/or Bank of America that Plaintiffs had directly disputed the negative reports made to Plaintiffs' credit.

78.   After receiving the dispute from various credit reporting agencies concerning the negative reports made to Plaintiffs' credit, and receiving notifications of such dispute directly from Plaintiffs' counsel, LaSalle Bank, Bank of America, Wilshire and BAC Home Loans were fully aware that LaSalle Bank and Bank of America did not own or hold in due course the Note and Mortgage.

79.   Nevertheless, these defendants failed to make a proper and reasonable investigation into the matter, failed to report the results of the investigation to the credit rating agencies and failed to correct and redact the unjustified negative reports they made to Plaintiffs' credit.

80.   Additionally, BAC Home Loans and LaSalle Bank/Bank of America to date continue to make negative reports to Plaintiffs' credit on a monthly basis, despite being fully aware defendants have no legal right to make those negative reports to Plaintiffs' credit.

81.   As a result, LaSalle Bank, Bank of America, Wilshire Bank and BAC Home Loans have violated FCRA, 15 U.S.C. § 1681 et. seq. and have caused damages to Plaintiffs entitling Plaintiffs to the statutory relief set forth in the FCRA.

## COUNT VI

**(Violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq.)**

82.   Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

83.   Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et. seq. ("FDCPA"), LaSalle Bank, Bank of America, Wilshire and BAC Home Loans qualify as "debt collectors" and not creditors.

84.   LaSalle Bank, Bank of America, Wilshire and BAC Home Loans have violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et. seq. in numerous ways by engaging in

the above actions and omissions, and other illegal and unlawful actions towards Plaintiffs, by threatening foreclosure with no legal right to do so, seeking to collect debts they and/or their representatives do not own, demanding amounts to collect on the Loan not owed, maintaining a Lis Pendens on Plaintiffs' property without a pending litigation or foreclosure action, and other wrongful conduct.

85. As a result, Plaintiffs have been and will continue to be damaged.

### COUNT VII

### (Abuse of Process & Malicious Prosecution)

86. Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

87. LaSalle Bank and Bank of America lost the Foreclosure Action. In doing so, they conceded during the litigation that they could not produce any evidence of their alleged ownership or trusteeship of the Note and Mortgage.

88. LaSalle and Bank of America were so fully aware of the fact they did not own or serve as trustee for the Note and Mortgage that they voluntarily chose to consent to a dismissal of their Foreclosure Action in response to Plaintiff's motion for summary judgment, despite submitting opposition to Plaintiffs' motion for summary judgment to dismiss the Foreclosure Action for lack of standing when they knew their opposition totally lacked probable cause or legal basis.

89. LaSalle Bank's and Bank of America's actions and omissions in the Foreclosure Action constitute an abuse of process and malicious prosecution entitling Plaintiffs to damages.

90. LaSalle Bank's and Bank of America's prosecution of the Foreclosure Action while they were fully aware they did not own the Loan, Note and Mortgage, and were not trustees for the loan, and their continued efforts to mislead and confuse the Court by repeatedly

submitting different legal theories and conflicting documents and evidence that were not authentic, constitutes an abuse of process and malicious prosecution.

91.  LaSalle Bank and Bank of America were fully aware the Foreclosure Action had no probable cause to be filed and prosecuted, yet they prosecuted and filed the action with malice to the detriment and special grievance of Plaintiffs.

92.  Moreover, LaSalle, BAC and Bank of America attempted to prosecute the Foreclosure Action fully aware of the fact they were using a fraudulent and forged "second" Promissory Note to falsely establish ownership and/or standing to foreclose the subject mortgage, and to try and demonstrate falsely that they were in possession of the Original Note.

93.  As a result, Plaintiffs have suffered damages and special grievances in the form of severe damage to their credit, attorneys' fees, lost business opportunities, slander to their title, emotional distress and other special grievances.

## COUNT VIII

### (Tortuous Interference with Prospective Economic Advantage)

94.  Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

95.  Bank of America, MERS and U.S. Bank intentionally engaged in a knowingly fraudulent transaction whereby Bank of America, through the assistance and cooperation of MERS, attempted to fraudulently assign the subject Mortgage from Bank of America to U.S. Bank as trustee.

96.  Bank of America, MERS and U.S. Bank engaged in this fraudulent transaction despite the fact that they were fully aware that Bank of America does not own plaintiffs' loan, is not the trustee for plaintiff's loan, had no right to assign the loan, that MERS was not the nominee for the Mortgage and never has been, and that none of these parties had the legal right

to record an Assignment of Mortgage against the Property, especially during the pendency of this litigation.

97. Additionally, some and/or all of the Defendants, and specifically LaSalle Bank and/or Bank of America, fabricated and forged a "second" Note instrument in an effort to fraudulent and falsely attempt to establish that LaSalle Bank/Bank of America was in possession of the original Note for plaintiffs' loan.

98. Defendants' conduct constitutes tortuous interference with Plaintiffs prospective economic advantage and relations, particularly given the malicious and intentional nature of Bank of America and LaSalle Bank to foreclose on Plaintiffs' Home when these banks were fully aware they did not own the Note and Mortgage, and were fully aware they were not the trustee for the Loan.

99. As a result, Plaintiffs have been and will continue to be damaged.

## COUNT IX

### (Negligence)

100. Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

101. LaSalle Bank's, Bank of America's, Wilshire's and BAC Home Loans' actions and/or omissions constitute common law negligence. Specifically, their failure to take reasonable care in reviewing and investigating the facts concerning Plaintiffs' Loan, and addressing what they learned, created the foreseeable risk of harm to Plaintiffs that these defendants did not take reasonable care against.

102. As a result of Defendants' failure to take reasonable care against the foreseeable risk they created to Plaintiffs in recklessly pursuing and prosecuting the Foreclosure Action, Plaintiffs have been and will continue to be damaged.

## COUNT X

### (Legal Fraud & Equitable Fraud)

103.     Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

104.     Bank of America, MERS and U.S. Bank intentionally engaged in a knowingly fraudulent transaction whereby Bank of America, through the assistance and cooperation of MERS, attempted to fraudulently assign the subject Mortgage from Bank of America to U.S. Bank as trustee.

105.     Bank of America, MERS and U.S. Bank engaged in this fraudulent transaction despite the fact that they were fully aware that Bank of America does not own plaintiffs' loan, is not the trustee for plaintiff's loan, had no right to assign the loan, that MERS was not the nominee for the Mortgage and never has been, and that none of these parties had the legal right to record an Assignment of Mortgage against the Property.

106.     Additionally, some and/or all of the Defendants, and specifically LaSalle Bank and/or Bank of America, fabricated and forged a "second" Note in an effort to fraudulent and falsely attempt to establish that LaSalle Bank/Bank of America was in possession of the original Note for Plaintiffs' loan.

107.     LaSalle and Bank of America attempted to use the forged Note in the underlying Foreclosure Action to falsely prove they were the owner, trustee and/or servicer of plaintiffs' loan.

108.     As a result, plaintiffs have been and will continue to be damaged.

BE:1372906.1/POL271-262187                                    - 18 -

## COUNT XI

### (Slander of Title)

109.   Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

110.   LaSalle, Bank of America, MERS and U.S. Bank have slandered Plaintiffs' title by continuing to make claims against Plaintiff's title, by continuing to defend against this action, and by recording the fraudulent Assignment of Mortgage on October 20, 2012 against Plaintiffs' Property without these Defendants having the legal right to do so.

111.   As a result, plaintiffs have been and will continue to be damaged.

## COUNT XII

### Fraudulent Concealment/Spoliation of Evidence as to All Defendants)

112.   Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

113.   Plaintiffs repeat and re-allege each and every paragraph outlined above with the same force and effect as if more fully set forth at length herein.

114.   Defendants have tampered with, concealed and destroyed one of the two promissory notes they submitted to the Court during the Foreclosure Action in an effort to prevent Plaintiffs from establishing that LaSalle Bank and Bank of America created a forged promissory note to assist them in their bogus effort to prove ownership/trusteeship over Plaintiffs' loan.

115.   Defendants have/had a legal obligation to disclose and produce the missing Note stamped "ORIGINAL" containing endorsements, and submitted into evidence by these defendants during the Foreclosure Action.

116. The "ORIGINAL" stamped Note was related to this action and was highly relevant and material to this litigation, as well as the Foreclosure Action.

117. The "ORIGINAL" stamped Note is now missing.

118. The "ORIGINAL" stamped Note is different from the Note Defendants have in their possession in this matter in that it contains a different signature, different copy and content, different formatting and font, different endorsements, an "ORIGINAL" stamp and other stamped markings.

119. The "ORIGINAL" stamped Note proves that Defendants forged the Note in their possession and/or that the Note in Defendants' possession is not the Note relating to Plaintiffs' Loan.

120. As a result of Defendants' wrongful conduct in fraudulently concealing the "ORIGINAL" stamped Note now missing, Plaintiffs have no way to obtained this evidence from another source.

121. Defendants intentionally withheld, altered or destroyed the evidence with the purpose to disrupt this litigation.

122. As a result, Plaintiffs have been damaged in this litigation by having to rely upon an evidentiary record that does not contain the evidence Defendants have concealed.

**WHEREFORE,** Plaintiffs Richard Polese and Marcia Lynn Polese demand judgment in their favor and against defendants for the following relief:

(a) quieting title to Plaintiffs Home located at 631 Golf Terrace, Union, New Jersey as to all Defendants in this matter;

(b) permanently discharging, nullifying and voiding the July 7, 2006 Mortgage currently recorded against Plaintiffs' Home, and declaring it legally invalid, abandoned and having no owner of record;

(c)     permanently discharging, nullifying and voiding the "re-recorded" April 10, 2007 Mortgage currently recorded against Plaintiffs' Home, and declaring it legally invalid, abandoned and having no owner of record;

(d)     permanently discharging, nullifying and voiding the Assignment of Mortgage from Bank of America (through MERS) to U.S. Bank recorded on October 20, 2011 against Plaintiffs' Home, and declaring such attempted assignment legally invalid, null and void;

(e)     discharging the Lis Pendens recorded against Plaintiffs' Home filed on May 9, 2008 by LaSalle Bank and its counsel;

(f)     a declaratory judgment that there is no valid, legal or existing owner of record for Plaintiffs' Loan or for the Note and Mortgage relating to the Loan, and that the July 7, 2006 Mortgage, April 10, 2007 "re-recorded" Mortgage and the October 20, 2011 Assignment of Mortgage are void, nullified and discharged and of no further legal or binding effect as a matter of law;

(g)     compensatory damages, consequential damages, direct damages and nominal damages;

(h)     punitive damages;

(i)     treble damages and attorneys' fees

(j)     cost of suit;

(k)     a declaratory judgment that LaSalle Bank, Bank of America, BAC Home Loans, U.S. Bank and Wilshire have no further legal right to report any negative remarks to Plaintiffs' credit to any credit rating agency since LaSalle Bank and Bank of America do not own the Loan Note and Mortgage and that they must reverse and remove all past negative reports to Plaintiffs' credit; and

(l)     any other relief the Court deems equitable and proper.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Bobby Kasolas, Esq. is hereby designated as trial counsel.

**BRACH EICHLER L.L.C.**
Attorneys for Plaintiffs

By: _____
          BOB KASOLAS, ESQ.

Dated: June 8, 2012

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues raised in this Complaint.

**BRACH EICHLER L.L.C.**
Attorneys for Plaintiffs

By: _____
          BOB KASOLAS, ESQ.

Dated:  June 8, 2012

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies upon information and belief that the within matter is not

directly and/or factually related to any other litigation or arbitration between the parties, and no

other action or arbitration is contemplated.

**BRACH EICHLER L.L.C.**
Attorneys for Plaintiffs

By: _____
          BOB KASOLAS, ESQ.

Dated: June 13, 2012

Bob Kasolas, Esq.
Brach Eichler L.L.C.
101 Eisenhower Parkway
Roseland, NJ 07068

**RECEIVED BY**

JUN 2 8 2012

**TRUST.LEGAL**

U.S. Bank, N.A.
Legal Department
425 Walnut St.
Cincinnati, OH 45202



**FIRST CLASS MAIL**

CERTIFIED MAIL

7396 9008 9040 1008 2653

RETURN RECEIPT (ELECTRONIC)

MAILED FROM ZIP CODE 07068
0004273733    JUN 18 2012
$ 07.000
02 1M











# EXHIBIT B



# BRACH|EICHLER LLC

Bobby Kasolas
Direct Dial: 973-403-3139
Direct Fax: 973-618-5539
E-mail: bkasolas@bracheichler.com



RECEIVED

JUN 2 1 2012

MERS

June 18, 2012

## VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED AND FIRST CLASS MAIL

Mortgage Electronic Registration Systems, Inc.
Legal Department
1818 Liberty Street
Suite 300
Reston, VA 20190

      Re:   **Polese v. LaSalle Bank, N.A., et al.**
             **Docket No. UNN-C-97-11**
             <u>**Service of Summons and Amended Complaint**</u>

Dear Sir/Madam:

      Please be advised that this office represents Plaintiffs Richard and Marcia Lynn Polese with respect to the above-captioned matter. Enclosed herein please find a Summons and Amended Complaint which are to be responded to within the time prescribed by the New Jersey Rules of Court.

      Please be guided accordingly.

                           Very truly yours,

                           Bobby Kasolas

Enclosures

cc:   Richard and Marcia Lynn Polese

**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
Attorneys for Plaintiffs
Richard Polese & Marcia Lynn Polese

| | |
|---|---|
| **RICHARD POLESE & MARCIA LYNN POLESE,** | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION: UNION COUNTY |
| Plaintiff, | DOCKET NO. UNN-C-97-11 |
| vs. | Civil Action |
| **LASALLE BANK N.A. (as Trustee for the MLMI Trust Series 2007-SDI), BANK OF AMERICA, BAC HOME LOAN SERVICING, L.P., WILSHIRE CREDIT CORP., and THE NEW YORK MORTGAGE COMPANY, LLC, U.S. BANK, N.A. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** | **SUMMONS** |
| Defendant. | |

**The State of New Jersey, to the Above Named Defendants:**

### MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.

The plaintiff named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (The address of each deputy clerk of the Superior Court is provided.) If the complaint is one in foreclosure, then you

BE:1375183.1/POL271-262187

must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $135 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live. A list of these offices is provided. If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A list of these numbers is also provided.

DATED: June 18, 2012                          /s/ Jennifer M. Perez
                                              Jennifer M. Perez


Name of Defendant to be served:      **MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.**

        Address for Service:         Mortgage Electronic Registration Systems, Inc.
                                     1818 Liberty Street, Suite 300
                                     Reston, VA 20190

ATLANTIC COUNTY
Atlantic County Clerk's
Office
1201 Bacharach Boulevard
1st Floor
Atlantic City, NJ 08401

BERGEN COUNTY
Bergen County Clerk's Office
119 Justice Center
10 Main Street
Hackensack, NJ 07601-0769

BURLINGTON COUNTY
Burlington County Clerk's
Office
Attention: Intake
1st Floor, Courts Facility
49 Rancocas Road
Mt. Holly, NJ 08060

CAMDEN COUNTY
Camden County Clerk's Office
1st Floor, Hall of Justice
101 S. 5th Street
Camden, NJ 08103

CAPE MAY COUNTY
Cape May County Clerk's
Office
Courthouse
9 North Main Street
Cape May Court House, NJ 08210

CUMBERLAND COUNTY
Cumberland County Clerk's
Office
Court House
Broad and Fayette Streets
Bridgeton, NJ 08302

ESSEX COUNTY
Superior Court of New Jersey
Civil Case Processing
Hall of Records Room 237
Dr. Martin Luther King, Jr.
Blvd.
Newark, NJ 07102-1681

GLOUCESTER COUNTY
Gloucester County Clerk's Office
Attention: Intake
1st Floor, Courthouse
1 N. Broad Street
P. O. Box 129
Woodbury, NJ 08096

HUDSON COUNTY
Hudson County Clerk's
Office
Superior Court Civil
Records Dept.
Brennan Court House
583 Newark Avenue
Jersey City, NJ 07306

HUNTERDON COUNTY
Hunterdon County Clerk's Office
Hall of Records, 71
Main Street
Flemington, NJ 08822

MERCER COUNTY
Mercer County Clerk's
Office
209 S. Broad Street, P. O. Box 8068
Trenton, NJ 08650

MIDDLESEX COUNTY
Middlesex County
Clerk's Office
Attention: Law Division
Court House, East
Wing, Lobby Floor
1 Kennedy Square
P. O. Box 2633
New Brunswick, NJ
08903-2633

MONMOUTH COUNTY
Monmouth County
Clerk's Office
Attention: Law Division
Court House, West Wing
Court and Monument
Streets
Freehold, NJ 07728

MORRIS COUNTY
Superior Court,
Judicial Records
Management
Morris County Courthouse
Washington & Court
Streets
Morristown, NJ 07963

OCEAN COUNTY
Ocean County Clerk's Office
119 Court House
118 Washington Street
Toms River, NJ 08754

PASSAIC COUNTY
Passaic County Clerk's Office
Court House
77 Hamilton Street
Paterson, NJ 07505

SALEM COUNTY
Salem County Clerk's Office
92 Market Street
Salem, NJ 08079

SOMERSET COUNTY
Somerset County Clerk's Office
Attention: Civil Intake
Civil/General Equity
New Court House,3rd Floor
Bridge and Main Streets
Somerville, NJ 08876

SUSSEX COUNTY
Attention: Law Division
Sussex County Judicial Center
43-47 High Street
Newton, NJ 07860

UNION COUNTY
Union County Clerk's Office
Court House, 3rd Floor
2 Broad Street
Elizabeth, NJ 07207

WARREN COUNTY
Warren County Clerk's Office
Court House, 413 Second Street
Belvidere, NJ 07823



**FILED**

JUN 1 4 2012

JOHN F. MALONE
J.S.C.

**BRACH EICHLER L.L.C.**
101 Eisenhower Parkway
Roseland, New Jersey 07068-1067
(973) 228-5700
Attorneys for Plaintiffs Richard Polese & Marcia Lynn Polese

| | |
|---|---|
| **RICHARD POLESE & MARCIA LYNN POLESE** | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION: UNION COUNTY |
| Plaintiffs, | DOCKET NO.: UNN-C-97-11 |
| vs. | Civil Action |
| **LASALLE BANK N.A. (as Trustee for the MLMI Trust Series 2007-SDI, BANK OF AMERICA, BAC HOME LOAN SERVICING, L.P., WILSHIRE CREDIT CORP., THE NEW YORK MORTGAGE COMPANY, LLC, U.S. BANK, N.A. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.** | **AMENDED COMPLAINT** |
| Defendants. | |

Plaintiffs Richard Polese and Marcia Lynn Polese ("Plaintiffs") hereby allege as follows

by way of Complaint against Defendants:

## THE PARTIES

1.      Plaintiffs Richard Polese and Marcia Lynn Polese are the owners in fee simple of

the residential property located at 631 Golf Terrace, Union, New Jersey ("the Home").

2.      Defendant LaSalle Bank, N.A., as the alleged Trustee for the MLMI Trust Series 2007-SDI ("LaSalle Bank") is a national bank having its former principal place of business located at 135 South LaSalle Street, Chicago, Illinois. LaSalle Bank is currently owned by Bank of America following Bank of America's October 2007 purchase of LaSalle Bank.

3.      Bank of America is a national bank having a New Jersey business office located at 156 Eagle Rock Avenue, Roseland, New Jersey. Bank of America is the alleged current loan servicing agent for the mortgage loan in controversy, and the alleged form owner/trustee of the MLMI Trust Series 2007-SPI.

4.      Defendant BAC Home Loans Servicing, L.P. ("BAC Home Loans") is a wholly owned subsidiary of Bank of America, with a business address located at 156 Eagle Rock Avenue, Roseland, New Jersey. BAC Home Loans is the former alleged servicing agent for LaSalle Bank and/or Bank of America regarding the mortgage loan in controversy.

5.      Defendant Wilshire Credit Corp. ("Wilshire") is the former alleged loan servicing agent for LaSalle Bank for the mortgage loan in controversy, with its principal place of business located at 14523 S.W. Millikan Way, Beaverton, Oregon.

6.      The New York Mortgage Company, LLC ("New York Mortgage") is a defunct and dissolved business entity having its former principal place of business located at 1301 Avenue of the Americas, 7th Floor, New York, NY 10019.

7.      Upon information and belief, defendant U.S. Bank, N.A. ("U.S. Bank") is a Delaware corporation having its principal place of business located at 800 Nicollet Mall Minneapolis, MN 55402.

8.      Upon information and belief, defendant Mortgage Electronic Registration Systems, Inc. ("MERS") is a Delaware corporation having its principal place of business located at 1818 Library Street, Suite 300, Reston, VA 20190.

### THE FACTS

9.      Plaintiffs are the fee simple owners of the Home as tenants by the entirety.

10.     On July 7, 2006, Plaintiffs entered into a Loan Agreement with The New York Mortgage Company, LLC ("New York Mortgage") to refinance their Home in the amount of $351,000 (the "Loan").

11.     Pursuant to the Loan, Plaintiffs executed a Promissory Note ("the Note") in the principal amount of $351,000.00.

12.     In order to provide a security interest for the Note, Plaintiffs also executed a mortgage (the "Mortgage") dated July 7, 2006 in favor of New York Mortgage in the amount of $351,000 to be secured against Plaintiffs' Home.

13.     The Mortgage was recorded in the Union County Clerk's office on August 14, 2006.

14.     For unexplained reasons, and without Plaintiffs' permission or authorization, the Mortgage was "re-recorded" on April 10, 2007 with the written proviso "Mortgage recorded on 8/14/2006 #413427 is being submitted for recordation for the purposes of attaching the correct ARM Rider."

15.     Subsequently at some point in time in or around 2007, New York Mortgage may have considered assignment Plaintiffs' Loan, but such an assignment was never legally accomplished or effectuated by New York Mortgage.

16. Rather, New York Mortgage ceased operating as a business entity and dissolved itself as an on-going business concern. Its office and administrative operations were sold to various third-parties.

17. The Loan, Note and Mortgage were never assigned by New York Mortgage to any third-party owner or holder in due course before New York Mortgage ceased operation and existence as an on-going business concern and entity.

18. During its ownership of the Loan, Note and Mortgage, New York Mortgage ceased to exist.

19. Subsequently, LaSalle Bank, in an alleged capacity of Trustee for a series of mortgage backed securities owned by Merrill Lynch called the MLMI Trust Series 2007-SD-1, falsely claimed Plaintiffs' Loan had been securitized and/or pooled with other similar mortgages as part of the MLMI Trust Series 2007-SD-1 mortgage backed securities.

20. Under that false premise and pretext, LaSalle Bank commenced an action to foreclose the Mortgage in the Superior Court of New Jersey, Chancery Division, Union County captioned LaSalle Bank v. Polese, Docket # F-17354-08 (the "Foreclosure Action").

21. Despite LaSalle Bank's false allegations to the contrary in the Foreclosure Action, there was never an assignment of Mortgage from New York Mortgage or a successor entity to LaSalle Bank. No assignment from New York Mortgage to any third-party was ever made.

22. There is no evidence to establish LaSalle Bank is, or ever was, the trustee, owner and/or holder in due course of the Note and Mortgage, either before, during or after LaSalle Bank's commencement of the Foreclosure Action.

23. Nevertheless, LaSalle Bank, on its own and through its servicing agents, BAC Home Loans and/or Wilshire, declared the Loan in default, and instituted the Foreclosure Action

alleging without any factual basis or investigation to demonstrate that LaSalle Bank was the holder in due course of the Note and/or owner of the Mortgage, or that LaSalle Bank was the alleged trustee for the Loan.

24.     No assignment of the Note or the Mortgage has ever been made by New York Mortgage to LaSalle Bank, Bank of America, U.S. Bank of any other third-party at any point in time.

25.     LaSalle Bank, Bank of America and/or U.S. Bank have never been the owner or the holder in due course of the Note or the Mortgage.

26.     LaSalle Bank does not own the Note or the Mortgage.

27.     Bank of America does not own the Note or the Mortgage.

28.     LaSalle Bank and Bank of America are not in possession of the original Note or the original Mortgage.

29.     U.S. Bank does not own the Note or the Mortgage.

30.     MERS is not the nominee for the Mortgage, and is not the owner of the Note or Mortgage.

31.     Despite LaSalle Bank and Bank of America not owning the Note or Mortgage, LaSalle Bank filed the Foreclosure Action with malice and without any legal basis, probable cause or reasonable belief of success.

32.     In the Foreclosure Action, LaSalle Bank and Bank of America made knowingly false statements that: (i) LaSalle was the owner of the Note and Mortgage; (ii) LaSalle had acquired ownership and/or trusteeship of the Note and Mortgage by way of a purported "assignment of mortgage from the New York Mortgage Company, LLC to LaSalle Bank, N.A. as Trustee for the MLMI Trust Series 2007-SD-1"; (iii) the original assignment instrument had

been lost and that a Lost Assignment Affidavit was prepared on October 16, 2008, though unrecorded; (iv) the Note was in default; (v) LaSalle had the right to accelerate all amounts due, including interest as a result of the alleged default; (vi) other charges such as attorneys' fees were immediately due and payable; and (vii) that representatives of BAC Home Loans, Wilshire, LaSalle Bank and/or Bank of America had personal knowledge of the facts concerning the Note and Mortgage and its purported assignment to LaSalle Bank.

33.    During the Foreclosure Action, it was clearly revealed that Bank of America and LaSalle Bank had made knowingly false statement in an effort to foreclose on Plaintiffs' Home and the Mortgage without any legal right or justification, and without probable cause.

34.    Specifically, LaSalle Bank and Bank of America submitted two different alleged promissory notes purporting to be a copy of the original Note while alleging Wilshire and/or BAC Home Loans possessed personal knowledge concerning those alleged promissory notes and/or their assignment, when no such personal knowledge was possessed by Wilshire and BAC Home Loans. By way of example, LaSalle Bank and Bank of America submitted two separate notes containing: (i) different formats and paginations; (ii) different language in Paragraph 3(a) of each note document; (iii) different language at the bottom of each note concerning the type of LIBOR notes the documents purportedly were; (iv) differing interest-only periods in Paragraph 4(c)(I) of each document; (v) different late charges provisions in Paragraph 7A of each document; (vi) the alleged signature of Richard Polese on Page 5 is different on each note; and (vii) the endorsement stamps on the bottom of Page 5 were different on each promissory note.

35.    During the Foreclosure Action, LaSalle Bank also changed its legal position from initially claiming that the Note and Mortgage were assigned by way of an assignment instrument from New York Mortgage to LaSalle Bank, to claiming the Loan was transferred pursuant to

Pooling and Servicing Agreement ("PSA") between LaSalle Bank and Merrill Lynch Mortgage Investors, Inc. The PSA though relied upon by LaSalle Bank and Bank of America was never executed by anyone.

36.　　Based upon the foregoing, LaSalle Bank, Bank of America, Wilshire and BAC Home Loans intentionally perjured themselves in an effort to foreclosure on the Mortgage and Home.

37.　　The second note submitted into the record by LaSalle Bank in opposition to Plaintiffs' summary judgment motion was more consistent with the terms of the ARM Rider recorded on April 10, 2007 without Plaintiffs' knowledge, permission and/or consent, demonstrating defendants initially filed knowingly false statements to the Court previously in support of their summary judgment motions.

38.　　At no time before, during or after the Foreclosure Action has LaSalle Bank or Bank of America ever owned the Note or the Mortgage, nor have they ever been a holder in due course of the Note or the Mortgage. Neither were ever a "trustee" for the subject Loan either. LaSalle and Bank of America were fully aware of this at the time they prosecuted and pursued the Foreclosure Action.

39.　　LaSalle Bank and Bank of America do not have any competent, trustworthy and/or reliable proof of any kind to evidence that LaSalle Bank or Bank of America are the owner, holder in due course of the Note or Mortgage and/or trustee. To the contrary, the document they claimed constituted the purported assignment instrument and presented into evidence during the Foreclosure Action did not name LaSalle Bank as an assignee (or any assignee for that matter), and was also never recorded. U.S. Bank also has no such competent,

trustworthy and/or reliable proof to evidence U.S. Bank owns the subject loan and/or is trustee for Plaintiffs' Loan.

40.     Plaintiffs filed an Answer and Counterclaim to the Complaint challenging LaSalle Bank's standing to pursue the Foreclosure Action on the basis that LaSalle bank did not own, and never owned, the Note and Mortgage. During the Foreclosure Action, LaSalle also filed an unsuccessful summary judgment motion that lacked probable cause and was a malicious effort to foreclose on plaintiff's Home.

41.     After Plaintiffs filed their own summary judgment motion challenging LaSalle Bank's standing to bring the Foreclosure Action, the action was dismissed without prejudice on April 6, 2011 by Order of the Hon. John F. Malone, P.J.Ch., on grounds LaSalle Bank could not establish standing to maintain the action, since it was unable to establish it was the owners and/or assignee of the Note and Mortgage.

42.     During the pendency of this litigation encompassed within this Amended Complaint, Bank of America purported to assign the trusteeship of plaintiffs' loan to U.S. Bank.

43.     On or about October 19, 2011, Bank of America removed and discharged a lis pendens it had filed against the Property relating to LaSalle's failed Foreclosure Action.

44.     On the very next day, October 20, 2011, Bank of America purportedly had MERS, as alleged nominee for the subject Mortgage, attempt to assign the Mortgage to U.S. Bank by way of a recorded Assignment recorded on October 20, 2012.

45.     MERS has never been a nominee for the Mortgage and/or is not the legal nominee for the Mortgage, and therefore has never had the legal right to assign the Mortgage to anyone.

46.     The assignment by MERS and Bank of America to U.S. Bank is fraudulent, void and of no legal force and effect because LaSalle Bank and Bank of America have never owned Plaintiffs' loan, and because MERS was never the nominee for the Mortgage.

## COUNT I

### (Quiet Title as to all Defendants)

47.     Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

48.     LaSalle Bank has no legal right, title and/or interest of any kind in the Mortgage.

49.     Bank of America has no legal right, title and/or interest of any kind in the Mortgage.

50.     The New York Mortgage Company, LLC has no legal right, title and/or interest of any kind in the Mortgage recorded against Plaintiffs' Home. New York Mortgage is now a defunct company that is dissolved, that is out of business and no longer exists.

51.     U.S. Bank has no legal right, title and/or interest of any kind in the Mortgage.

52.     MERS has no legal right, title and/or interest of any kind in the Mortgage, and had no legal right to attempt to effectuate an assignment of the Mortgage from Bank of America to U.S. Bank as trustee/owner. MERS is also not a nominee for the Mortgage.

53.     New York Mortgage never validly assigned the Note or the Mortgage to LaSalle Bank, and will never do so, nor will New York Mortgage ever be able to assign the Note and Mortgage to the other Defendants in this action since it no longer exists as an on-going concern.

54.     Based upon the fact LaSalle Bank and Bank of America do not own the Mortgage or Note, and based upon the fact New York Mortgage no longer exists and never assigned the Note and Mortgage to LaSalle Bank before dissolving as an existing entity, Plaintiffs request this Court quiet title as to Plaintiffs' Home and enter judgment in Plaintiffs' favor declaring: (i)

LaSalle Bank, Bank of America, MERS and U.S. Bank have no legal right or interest in the Note or Mortgage; (ii) that these Defendants do not own the Note or Mortgage, are not trustees for the Note and Mortgage, and are not holders in due course of those instruments; (iii) that the Note and Mortgage are hereby void and of no further force and effect as a matter of law; (iv) discharging the Mortgage of record from the Home's title; and (iv) declaring title to Plaintiffs' Home is free and clear of any and all liens, encumbrances or mortgages of any kind relating to the Loan.

55.     Additionally, Bank of America, MERS and U.S. Bank intentionally engaged in a knowingly fraudulent transaction whereby Bank of America, through the assistance and cooperation of MERS, attempted to fraudulently, and purportedly assign the subject Mortgage from Bank of America to U.S. Bank as trustee.

56.     Bank of America, MERS and U.S. Bank engaged in this fraudulent transaction despite the fact that they were fully aware that Bank of America does not own plaintiffs' loan, is not the trustee for plaintiff's loan, has no right to assign the loan, that MERS was not the nominee for the Mortgage and never has been, and that none of these parties had the legal right to record an Assignment of Mortgage against the Home.

57.     Additionally, some and/or all of the Defendants, and specifically LaSalle Bank and/or Bank of America, fabricated and forged a "second" Note in an effort to fraudulent and falsely attempt to establish that LaSalle Bank/Bank of America was in possession of the original Note for plaintiffs' loan.  This was revealed during the Foreclosure Action, where LaSalle Bank submitted two different Notes to the Court during summary judgment motions.

58.     As a result, Plaintiffs have been and will continue to be damaged, and request that the Court quiet title as to all Defendants in favor of Plaintiffs.

## COUNT II

### (Declaratory Judgment Clearing Title & Discharging Original Mortgage as to all Defendants)

59.     Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

60.     Based upon the foregoing facts, Plaintiffs seek a declaratory judgment that (i) LaSalle Bank, Bank of America and/or U.S. Bank have no legal right or interest in the Note or Mortgage; (ii) do not own and/or are not the Trustee for the Note or Mortgage and are not holders in due course of the Promissory Note; (iii) that the Note and Mortgage are hereby void and of no further force and effect as a matter of law; (iv) that MERS has no interest in the Mortgage and is not a nominee for the Mortgage; (v) that the Mortgage of record must therefore be discharged from title to Plaintiffs' Home; and (vi) declaring Plaintiffs' Home is free and clear of all liens, encumbrances or mortgages or any kind relating to the Loan.

## COUNT III

### (Violation of the Fair Foreclosure Act N.J.S.A. 2A:50-53 et. seq.)

61.     Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

62.     LaSalle Bank and Bank of America are residential mortgage lenders under the New Jersey Fair Foreclosure Act.

63.     LaSalle Bank and Bank of America made numerous and repeated knowingly false misrepresentations and material omissions during the Foreclosure Action, as well as before, during and after the Foreclosure Action regarding their false claim that they owned the Note and Mortgage.

64.    LaSalle Bank and Bank of America submitting knowingly false statements and conflicting documents to the Court during the Foreclosure Action to mislead and confuse the Court into possibly believing LaSalle Bank and/or Bank of America owned the Loan, Note and Mortgage when they were fully aware they did not.

65.    LaSalle Bank and Bank of America filed the Foreclosure Action without probable cause or legal standing.

66.    As a result, Plaintiffs have been and will continue to be damaged.

## COUNT IV

### (Violation of the Consumer Fraud Act)

67.    Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

68.    Plaintiffs are consumers under the New Jersey Consumer Fraud Act.

69.    LaSalle Bank and Bank of America violated the New Jersey Consumer Fraud Act to the detriment and harm of Plaintiffs by making affirmative misrepresentations and omissions to Plaintiffs and the Court, and by violating New Jersey regulations, by: (i) holding themselves out as the alleged owner and holder in due course of the Note and Mortgage; (ii) attempting through litigation, written notices, threatening correspondence and other practices to collect money from Plaintiffs on a loan that LaSalle and Bank of America do not own, and have never owned; (iii) making negative reports to Plaintiffs' credit scores and credit ratings without any legal right or justification in an effort to advance their bogus effort to foreclosure on the Mortgage; and (iv) maintaining a Lis Pendens against title to Plaintiffs' Home without any legal right or justification.

70.    As a result, Plaintiffs have been and will continue to be damaged.

## COUNT V

### (Violation of the Fair Credit Reporting Act, 15 U.S.C. §1681, et seq.)

71.     Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

72.     The Fair Credit Reporting Act ("FCRA") imposes obligations on the furnishers of credit information to provide correct and accurate information to credit rating agencies.

73.     The FCRA also imposes an obligation upon the furnisher of negative reporting comments to conduct a proper and reasonable investigation when the furnisher receives a dispute of the negative report directly from a credit rating agency.

74.     BAC Home Loans, Wilshire, LaSalle Bank and/or Bank of America made knowingly false negative reports to various credit rating agencies (Equifax, Experian and Trans Union) alleging Plaintiffs were in default on their Loan, which defendants did not even own or properly service.

75.     BAC Home Loans, Wilshire, LaSalle Bank and/or Bank of America knew and/or should have known that the false information and negative reports they made to Plaintiffs' credit should not have been made since LaSalle Bank and Bank of America do not own, and have never owned, the Note or Mortgage.

76.     Plaintiffs directly disputed the negative reports that defendants made to Plaintiffs' credit to various credit rating agencies (Equifax, Experian and Trans Union), as well as directly to Wilshire and BAC Home Loans, through Plaintiffs' counsel.

77.     These credit rating agencies in turn notified Wilshire, BAC Home Loans, LaSalle Bank and/or Bank of America that Plaintiffs had directly disputed the negative reports made to Plaintiffs' credit.

78. After receiving the dispute from various credit reporting agencies concerning the negative reports made to Plaintiffs' credit, and receiving notifications of such dispute directly from Plaintiffs' counsel, LaSalle Bank, Bank of America, Wilshire and BAC Home Loans were fully aware that LaSalle Bank and Bank of America did not own or hold in due course the Note and Mortgage.

79. Nevertheless, these defendants failed to make a proper and reasonable investigation into the matter, failed to report the results of the investigation to the credit rating agencies and failed to correct and redact the unjustified negative reports they made to Plaintiffs' credit.

80. Additionally, BAC Home Loans and LaSalle Bank/Bank of America to date continue to make negative reports to Plaintiffs' credit on a monthly basis, despite being fully aware defendants have no legal right to make those negative reports to Plaintiffs' credit.

81. As a result, LaSalle Bank, Bank of America, Wilshire Bank and BAC Home Loans have violated FCRA, 15 U.S.C. § 1681 et. seq. and have caused damages to Plaintiffs entitling Plaintiffs to the statutory relief set forth in the FCRA.

## COUNT VI

### (Violation of the Fair Debt Collections Practices Act, 15 U.S.C. § 1692, et seq.)

82. Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

83. Pursuant to the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et. seq. ("FDCPA"), LaSalle Bank, Bank of America, Wilshire and BAC Home Loans qualify as "debt collectors" and not creditors.

84. LaSalle Bank, Bank of America, Wilshire and BAC Home Loans have violated the Fair Debt Collection Practices Act, 15 U.S.C. 1692, et. seq. in numerous ways by engaging in

the above actions and omissions, and other illegal and unlawful actions towards Plaintiffs, by threatening foreclosure with no legal right to do so, seeking to collect debts they and/or their representatives do not own, demanding amounts to collect on the Loan not owed, maintaining a Lis Pendens on Plaintiffs' property without a pending litigation or foreclosure action, and other wrongful conduct.

85.     As a result, Plaintiffs have been and will continue to be damaged.

### COUNT VII

#### (Abuse of Process & Malicious Prosecution)

86.     Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

87.     LaSalle Bank and Bank of America lost the Foreclosure Action. In doing so, they conceded during the litigation that they could not produce any evidence of their alleged ownership or trusteeship of the Note and Mortgage.

88.     LaSalle and Bank of America were so fully aware of the fact they did not own or serve as trustee for the Note and Mortgage that they voluntarily chose to consent to a dismissal of their Foreclosure Action in response to Plaintiff's motion for summary judgment, despite submitting opposition to Plaintiffs' motion for summary judgment to dismiss the Foreclosure Action for lack of standing when they knew their opposition totally lacked probable cause or legal basis.

89.     LaSalle Bank's and Bank of America's actions and omissions in the Foreclosure Action constitute an abuse of process and malicious prosecution entitling Plaintiffs to damages.

90.     LaSalle Bank's and Bank of America's prosecution of the Foreclosure Action while they were fully aware they did not own the Loan, Note and Mortgage, and were not trustees for the loan, and their continued efforts to mislead and confuse the Court by repeatedly

submitting different legal theories and conflicting documents and evidence that were not authentic, constitutes an abuse of process and malicious prosecution.

91. LaSalle Bank and Bank of America were fully aware the Foreclosure Action had no probable cause to be filed and prosecuted, yet they prosecuted and filed the action with malice to the detriment and special grievance of Plaintiffs.

92. Moreover, LaSalle, BAC and Bank of America attempted to prosecute the Foreclosure Action fully aware of the fact they were using a fraudulent and forged "second" Promissory Note to falsely establish ownership and/or standing to foreclose the subject mortgage, and to try and demonstrate falsely that they were in possession of the Original Note.

93. As a result, Plaintiffs have suffered damages and special grievances in the form of severe damage to their credit, attorneys' fees, lost business opportunities, slander to their title, emotional distress and other special grievances.

## COUNT VIII

### (Tortuous Interference with Prospective Economic Advantage)

94. Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

95. Bank of America, MERS and U.S. Bank intentionally engaged in a knowingly fraudulent transaction whereby Bank of America, through the assistance and cooperation of MERS, attempted to fraudulently assign the subject Mortgage from Bank of America to U.S. Bank as trustee.

96. Bank of America, MERS and U.S. Bank engaged in this fraudulent transaction despite the fact that they were fully aware that Bank of America does not own plaintiffs' loan, is not the trustee for plaintiff's loan, had no right to assign the loan, that MERS was not the nominee for the Mortgage and never has been, and that none of these parties had the legal right

to record an Assignment of Mortgage against the Property, especially during the pendency of this litigation.

97. Additionally, some and/or all of the Defendants, and specifically LaSalle Bank and/or Bank of America, fabricated and forged a "second" Note instrument in an effort to fraudulent and falsely attempt to establish that LaSalle Bank/Bank of America was in possession of the original Note for plaintiffs' loan.

98. Defendants' conduct constitutes tortuous interference with Plaintiffs prospective economic advantage and relations, particularly given the malicious and intentional nature of Bank of America and LaSalle Bank to foreclose on Plaintiffs' Home when these banks were fully aware they did not own the Note and Mortgage, and were fully aware they were not the trustee for the Loan.

99. As a result, Plaintiffs have been and will continue to be damaged.

### COUNT IX

#### (Negligence)

100. Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

101. LaSalle Bank's, Bank of America's, Wilshire's and BAC Home Loans' actions and/or omissions constitute common law negligence. Specifically, their failure to take reasonable care in reviewing and investigating the facts concerning Plaintiffs' Loan, and addressing what they learned, created the foreseeable risk of harm to Plaintiffs that these defendants did not take reasonable care against.

102. As a result of Defendants' failure to take reasonable care against the foreseeable risk they created to Plaintiffs in recklessly pursuing and prosecuting the Foreclosure Action, Plaintiffs have been and will continue to be damaged.

## COUNT X

### (Legal Fraud & Equitable Fraud)

103.   Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

104.   Bank of America, MERS and U.S. Bank intentionally engaged in a knowingly fraudulent transaction whereby Bank of America, through the assistance and cooperation of MERS, attempted to fraudulently assign the subject Mortgage from Bank of America to U.S. Bank as trustee.

105.   Bank of America, MERS and U.S. Bank engaged in this fraudulent transaction despite the fact that they were fully aware that Bank of America does not own plaintiffs' loan, is not the trustee for plaintiff's loan, had no right to assign the loan, that MERS was not the nominee for the Mortgage and never has been, and that none of these parties had the legal right to record an Assignment of Mortgage against the Property.

106.   Additionally, some and/or all of the Defendants, and specifically LaSalle Bank and/or Bank of America, fabricated and forged a "second" Note in an effort to fraudulent and falsely attempt to establish that LaSalle Bank/Bank of America was in possession of the original Note for Plaintiffs' loan.

107.   LaSalle and Bank of America attempted to use the forged Note in the underlying Foreclosure Action to falsely prove they were the owner, trustee and/or servicer of plaintiffs' loan.

108.   As a result, plaintiffs have been and will continue to be damaged.

## COUNT XI

### (Slander of Title)

109.    Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

110.    LaSalle, Bank of America, MERS and U.S. Bank have slandered Plaintiffs' title by continuing to make claims against Plaintiff's title, by continuing to defend against this action, and by recording the fraudulent Assignment of Mortgage on October 20, 2012 against Plaintiffs' Property without these Defendants having the legal right to do so.

111.    As a result, plaintiffs have been and will continue to be damaged.

## COUNT XII

### Fraudulent Concealment/Spoliation of Evidence as to All Defendants)

112.    Plaintiffs repeat and reallege each and every paragraph alleged above with the same force and effect as if more fully set forth at length herein.

113.    Plaintiffs repeat and re-allege each and every paragraph outlined above with the same force and effect as if more fully set forth at length herein.

114.    Defendants have tampered with, concealed and destroyed one of the two promissory notes they submitted to the Court during the Foreclosure Action in an effort to prevent Plaintiffs from establishing that LaSalle Bank and Bank of America created a forged promissory note to assist them in their bogus effort to prove ownership/trusteeship over Plaintiffs' loan.

115.    Defendants have/had a legal obligation to disclose and produce the missing Note stamped "ORIGINAL" containing endorsements, and submitted into evidence by these defendants during the Foreclosure Action.

116.    The "ORIGINAL" stamped Note was related to this action and was highly relevant and material to this litigation, as well as the Foreclosure Action.

117.    . The "ORIGINAL" stamped Note is now missing.

118.    The "ORIGINAL" stamped Note is different from the Note Defendants have in their possession in this matter in that it contains a different signature, different copy and content, different formatting and font, different endorsements, an "ORIGINAL" stamp and other stamped markings.

119.    The "ORIGINAL" stamped Note proves that Defendants forged the Note in their possession and/or that the Note in Defendants' possession is not the Note relating to Plaintiffs' Loan.

120.    As a result of Defendants' wrongful conduct in fraudulently concealing the "ORIGINAL" stamped Note now missing, Plaintiffs have no way to obtained this evidence from another source.

121.    Defendants intentionally withheld, altered or destroyed the evidence with the purpose to disrupt this litigation.

122.    As a result, Plaintiffs have been damaged in this litigation by having to rely upon an evidentiary record that does not contain the evidence Defendants have concealed.

**WHEREFORE,** Plaintiffs Richard Polese and Marcia Lynn Polese demand judgment in their favor and against defendants for the following relief:

        (a)    quieting title to Plaintiffs Home located at 631 Golf Terrace, Union, New Jersey as to all Defendants in this matter;

        (b)    permanently discharging, nullifying and voiding the July 7, 2006 Mortgage currently recorded against Plaintiffs' Home, and declaring it legally invalid, abandoned and having no owner of record;

(c) permanently discharging, nullifying and voiding the "re-recorded" April 10, 2007 Mortgage currently recorded against Plaintiffs' Home, and declaring it legally invalid, abandoned and having no owner of record;

(d) permanently discharging, nullifying and voiding the Assignment of Mortgage from Bank of America (through MERS) to U.S. Bank recorded on October 20, 2011 against Plaintiffs' Home, and declaring such attempted assignment legally invalid, null and void;

(e) discharging the Lis Pendens recorded against Plaintiffs' Home filed on May 9, 2008 by LaSalle Bank and its counsel;

(f) a declaratory judgment that there is no valid, legal or existing owner of record for Plaintiffs' Loan or for the Note and Mortgage relating to the Loan, and that the July 7, 2006 Mortgage, April 10, 2007 "re-recorded" Mortgage and the October 20, 2011 Assignment of Mortgage are void, nullified and discharged and of no further legal or binding effect as a matter of law;

(g) compensatory damages, consequential damages, direct damages and nominal damages;

(h) punitive damages;

(i) treble damages and attorneys' fees

(j) cost of suit;

(k) a declaratory judgment that LaSalle Bank, Bank of America, BAC Home Loans, U.S. Bank and Wilshire have no further legal right to report any negative remarks to Plaintiffs' credit to any credit rating agency since LaSalle Bank and Bank of America do not own the Loan Note and Mortgage and that they must reverse and remove all past negative reports to Plaintiffs' credit; and

(l) any other relief the Court deems equitable and proper.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to R. 4:25-4, Bobby Kasolas, Esq. is hereby designated as trial counsel.

BRACH EICHLER L.L.C.
Attorneys for Plaintiffs

By: _____
BOB KASOLAS, ESQ.

Dated: June 8, 2012

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues raised in this Complaint.

BRACH EICHLER L.L.C.
Attorneys for Plaintiffs

By: _____
BOB KASOLAS, ESQ.

Dated: June 8, 2012

## CERTIFICATION PURSUANT TO R. 4:5-1

The undersigned hereby certifies upon information and belief that the within matter is not directly and/or factually related to any other litigation or arbitration between the parties, and no other action or arbitration is contemplated.

BRACH EICHLER L.L.C.
Attorneys for Plaintiffs

By: _____
BOB KASOLAS, ESQ.

Dated: June 13, 2012.

BE:1372906.1/POL271-262187                    - 22 -

FIRST CLASS

Bob Kasolas, Esq.
Brach Eichler L.L.C.
101 Eisenhower Parkway
Roseland, NJ 07068

CERTIFIED MAIL™

RETURN RECEIPT (ELECTRONIC)

7196 9008 9040 1008 2721

FIRST CLASS MAIL

MERS
Legal Department
1818 Liberty St
Suite 300
Reston, VA 20190



# EXHIBIT C

# ReedSmith

**Donna M. Bates**
Direct Phone: +1 609 514 5973
Email: dbates@reedsmith.com

Reed Smith LLP
Princeton Forrestal Village
136 Main Street - Suite 250
Princeton, NJ 08540-7839
+1 609 987 0050
Fax +1 609 951 0824
reedsmith.com

July 20, 2012

**VIA UPS NEXT DAY AIR**
Clerk of the Court
Superior Court of New Jersey
Union County Civil Courthouse
Civil Part, Law Division
2 Broad Street, Room 107 Rotunda
Elizabeth, NJ 07207

Re:   **Richard Polese & Marcia Lynn Polese v. LaSalle Bank N.A. et al**
      **Docket No.: UNN-C-97-11**

Dear Sir/Madam:

This firm is counsel to Defendants U.S. Bank, N.A., and Mortgage Electronic Registration Systems, Inc., in the above-captioned matter. Enclosed for immediate filing, please find an original plus two copies of Defendant's Notice of Filing of Notice of Removal, together with its attached Notice of Removal filed in the United States District Court for the District of New Jersey and Certificate of Service.

Kindly file the enclosed documents and return one file-stamped copy to our office in the self-addressed, stamped envelope provided for your convenience.

If there are any fees associated with this request, kindly charge Reed Smith LLP's Superior Court Account No. 141013.

Thank you for your prompt attention to this matter. Should you have any questions or concerns, please do not hesitate to contact me.

Respectfully Submitted,

Donna M. Bates, Esq.

DMB/lrt

cc:   Clerk, United States District Court of New Jersey (with enclosures via UPS Next Day Air)
      Bob Kasolas, Esq., (with enclosures Electronic mail and U.S. First Class mail)
      Reed Smith, LLP (with enclosures via Electronic mail)

NEW YORK ♦ LONDON ♦ HONG KONG ♦ CHICAGO ♦ WASHINGTON, D.C. ♦ BEIJING ♦ PARIS ♦ LOS ANGELES ♦ SAN FRANCISCO ♦ PHILADELPHIA ♦ SHANGHAI ♦ PITTSBURGH
MUNICH ♦ ABU DHABI ♦ PRINCETON ♦ NORTHERN VIRGINIA ♦ WILMINGTON ♦ SILICON VALLEY ♦ DUBAI ♦ CENTURY CITY ♦ RICHMOND ♦ GREECE ♦ OAKLAND

**REED SMITH LLP**
Donna M. Bates, Esquire
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Tel. (609) 514-5973
Fax (609) 951-0824

*Attorneys for Defendants U.S. Bank, N.A., and Mortgage Electronic Registration Systems, Inc.*

| | |
|---|---|
| RICHARD POLESE & MARCIA LYNN POLESE,<br><br>            Plaintiffs,<br><br>    vs.<br><br>LASALLE BANK N.A. (as Trustee for the MLMI Trust Series 2007-SDI), BANK OF AMERICA, BAC HOME LOANS SERVICING, L.P., WILSHIRE CREDIT CORP., THE NEW YORK MORTGAGE COMPANY, LLC, U.S. BANK, N.A. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>            Defendants. | SUPERIOR COURT OF NEW JERSEY<br>CHANCERY DIVISION<br>UNION COUNTY<br><br>DOCKET No.: UNN-C-97-11<br><br><br>*Civil Action*<br><br>**NOTICE OF FILING OF NOTICE OF REMOVAL TO THE UNITED STATES DISTRICT COURT** |

**TO:**    Clerk of the Court
        Superior Court of New Jersey
        Union County Civil Courthouse
        Civil Part, Law Division
        2 Broad Street, Room 107 Rotunda
        Elizabeth, NJ 07207

        Clerk of the Superior Court
        Hughes Justice Complex
        P.O. Box 971
        Trenton, NJ 08625

        Bob Kasolas, Esq.
        Brach Eichler L.L.C
        101 Eisenhower Parkway
        Roseland, NJ 07068-1067

    **PLEASE TAKE NOTICE** that on July 20, 2012, U.S. Bank, N.A., and Mortgage

Electronic Registration Systems, Inc., Defendants in the above-captioned action, filed a Notice of

Removal of this action from the Superior Court of New Jersey, Chancery Division, Union County, to the United States District Court for the District of New Jersey with the District Court. A true and correct copy of that filing (without exhibits) is attached hereto as **Exhibit A**.

Pursuant to 28 U.S.C. § 1446(d), the Superior Court, Chancery Division, shall proceed no further unless and until this action is remanded.

REED SMITH LLP

By: _____

*Donna M. Bates*
*Attorneys for Defendants U.S. Bank, N.A.,*
*and Mortgage Electronic Registration*
*Systems, Inc.*

Date: July 20, 2012

**REED SMITH LLP**
Donna M. Bates, Esquire
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, New Jersey 08540
Tel. (609) 514-5973
Fax (609) 951-0824

*Attorneys for Defendants U.S. Bank, N.A., and Mortgage Electronic Registration Systems, Inc.*

| | |
|---|---|
| RICHARD POLESE & MARCIA LYNN POLESE,<br><br>          Plaintiffs,<br><br>     vs.<br><br>LASALLE BANK N.A. (as Trustee for the MLMI Trust Series 2007-SDI), BANK OF AMERICA, BAC HOME LOANS SERVICING, L.P., WILSHIRE CREDIT CORP., THE NEW YORK MORTGAGE COMPANY, LLC, U.S. BANK, N.A. and MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,<br><br>          Defendants. | SUPERIOR COURT OF NEW JERSEY CHANCERY DIVISION UNION COUNTY<br><br>DOCKET No.: UNN-C-97-11<br><br><br>*Civil Action*<br><br>**CERTIFICATION OF SERVICE** |

       I certify that on this date, I caused an original and two copies of the following documents to be electronically filed via ECF:

1. Notice of Filing of Notice of Removal;
2. Notice of Removal filed in the United States District Court; and
3. This Certification of Service.

To be sent via UPS Next Day overnight mail to:

Clerk of the Court
Superior Court of New Jersey
Union County Civil Courthouse
Civil Part, Law Division
2 Broad Street, Room 107 Rotunda
Elizabeth, NJ 07207


Clerk of the Superior Court
Hughes Justice Complex
P.O. Box 971

Trenton, NJ 08625

I further certify that on this date, I caused a copy of the foregoing documents to be served via Electronic mail and U.S. First Class mail to:

Bob Kasolas, Esq.
Brach Eichler L.L.C
101 Eisenhower Parkway
Roseland, NJ 07068-1067

I further certify that on this date, I caused a copy of the foregoing documents to be served via Electronic mail:

Reed Smith, LLP
Princeton Forrestal Village
136 Main Street, Suite 250
Princeton, NJ 08540

I further certify that, upon information and belief, no other parties have appeared.

I certify that the foregoing statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Donna M. Bates

Dated: July 20, 2012